**LEMMON, Plaintiff-Appellee, v. INDUSTRIAL COMMISSION, Defendant-Appellant.**
**WRIGHT, Plaintiff-Appellee, v. INDUSTRIAL COMMISSION, Defendant-Appellant.**

Ohio Appeals, Second District, Clarke County.

Nos. 455, 456.  Decided October 30, 1945.

Bowman & Bailey, Springfield, for plaintiff-appellee, Mary Todd Lemmon.

Cole & Hodge, Springfield, for plaintiff-appellee, Margaret Wright.

Hon. Hugh S. Jenkins, Atty. Genl., C. G. L. Yearick, Asst. Atty. Genl., Albertus B. Conn, Asst. Atty. Genl., Columbus, for defendant-appellant.

MONTGOMERY, J., of the Fifth Appellate District, sitting by designation.

## OPINION

BY THE COURT:

The decedents of the two appellees were killed at the same time in the same accident being struck at a railroad crossing. The only factual question in the case is whether or not at the time of their deaths they were in the class provided by §1465-68 GC, which reads in part as follows:

"The term 'injury' as used in this section and in the Workmen's Compensation Act shall include any injury received in the course of, and arising out of, the injured employee's employment."

It is contended by the Industrial Commission that there should have been a directed verdict on its behalf, and it is contended also that the verdict and judgment of the lower court were manifestly against the weight of the evidence. We cannot follow either of these contentions. A recital of the evidence would answer no useful purpose, but there is ample credible evidence to sustain the contention that these cases come within the purview of that quoted section.

There are three other assignments of error and to each of them we give very brief attention.

It is urged that the Court erred in his charge when he said,—

"The issues of fact and sole question for you to determine is whether the decedents, at the time they were killed, as alleged in the petitions and admitted in the answers, were acting in the course of their employment as employees of the Malowney Real Estate Company, Inc."

It is true that the Court in this portion of the charge did not include the words "arising out of". That was a mere act of omission, and was not positively erroneous and its omission certainly was not prejudicial. Counsel for the Commission did not request the Court to charge this particular matter.

It is urged that the Court erred in refusing to comply with the request of counsel for the Commission to charge the law as "enunciated in the syllabus of **Stevens v Industrial Commission, 145 Oh St 198**". The trial court refused so to charge and in this he was not in error. It is true, of course, that these men were killed during working hours at a place distant from the locus of their employment. But the holding of that case is, that there is a presumption, in the absence of evidence to the contrary, that the death did not occur in the course of and arising out of the employment. That is not the instant case. Here, as heretofore indicated, there was adequate, ample evidence to the contrary and this presumption would not arise.

The last assignment of error is that there was a failure in the trial court to comply with the provision of §1465-90 which directs that no certificate of judgment be placed upon record until the same has been submitted to the Attorney General.

Evidently there was no compliance with this section, but it seems to us that for counsel to have availed themselves of the provisions the move should have been made in the trial court to correct its journal in accordance with the requirements of this section. We fail to see any prejudice or how such an assignment of error can be maintained successfully in this Court.

Judgments may be affirmed.

HORNBECK, P. J., MILLER, J., and MONTGOMERY, J., concur.